THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CAROLINE MEEKS )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>PARTS ENTERPRISES OF GA., INC., )<br>THOMAS BENTON, INDIVIDUALLY. )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No.<br>   2:21-CV-152-RWS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Caroline Meeks ("Plaintiff"), through undersigned counsel, and files this lawsuit against Parts Enterprises of GA, Inc., and Thomas Benton, Individually ("Defendants"), and for her Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendants are a Georgia corporation and reside in this district. Defendants do business in and are engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

5.

At all times relevant to this action, Thomas Benton is an individual resident of the State of Georgia who owns and operates Parts Enterprises of GA., Inc., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Parts Enterprises of GA., Inc. By virtue of having regularly exercised that authority on behalf of Parts Enterprises of GA., Inc., Thomas Benton is an employer as defined by 29 U.S.C. § 201, et seq.

6.

Parts Enterprises of GA., Inc., is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia

7.

Parts Enterprises of GA., Inc., is now and, at all times relevant hereto has been a domestic corporation engaged in an industry affecting commerce.

8.

Defendants may be served by delivering a copy of the summons and complaint upon its Registered Agent, Thomas Benton at its principal place of

business at 34 Ivy St. Commerce, GA 30529, and/or Mr. Benton's residence at 1811 Old Gainesville Highway, Talmo, Georgia 30575.

9.

Plaintiff began working at Defendants at the end of July 2018 as a Bookkeeper.

10.

Plaintiff originally worked for three (3) days at the end of July 2018 between eight (8) to ten (10) hours in preparation to starting her full time role in August 2018.

11.

After she began working full time, she consistently worked at least five (5) hours in overtime weekly until her resignation in February 2019.

12.

Despite this, Plaintiff was only paid a total of $600.00 for this entire period, showing a clear failure of Defendants to pay her not only for the overtime she was owed, but also hourly minimum wage.

13.

Plaintiff expressed her concerns of not being adequately compensated to Mr. Benton on numerous occasions with Mr. Benton acknowledging his failure to appropriately pay her.

14.

Nevertheless, Mr. Benton failed to pay her any additional compensation for her time worked at Defendants.

15.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

16.

Throughout her employment with Defendants, Plaintiff has been entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

17.

Defendants are a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

18.

Defendants permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

20.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendants.

21.

Throughout her employment with Defendants, Plaintiff was economically dependent on Defendant.

22.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work she performed.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay minimum wage and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

25.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

26.

Defendants knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

27.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

28.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

29.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 8th day of July, 2021.

>Respectfully submitted,
>
>/s/ Jeremy Stephens
>Jeremy Stephens, Esq.
>Ga. Bar No.: 702063
>**MORGAN & MORGAN, P.A.**
>191 Peachtree Street, N.E., Suite 4200
>Post Office Box 57007
>Atlanta, Georgia 30343-1007
>Tel:   (404) 965-1682
>E-mail: jstephens@forthepeople.com
>
>***Attorney for Plaintiff***